

[EXHIBIT A]

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2001 MAY 18 P 2:40

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **INSURANCE PLANNING & SERVICE COMPANY, INC.** | * |
| **Plaintiff** | * |
| v. | * |
| | * CIVIL NO.: AMD-98-4083 |
| **LOUIS L. WALDHAUSER, III, et al.** | * |
| **Defendants** | * |

* * * * * * * * * * * * * * * *

FILED _____ LODGED _____ ENTERED _____ RECEIVED
MAY 21 2001
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

### STIPULATED PERMANENT INJUNCTION AGAINST
### LOUIS L. WALDHAUSER, III and WALDHAUSER INSURANCE GROUP, INC.

Plaintiff Insurance Planning & Service Company, Inc. ("IPSCO") and defendants Louis L. Waldhauser, III ("Waldhauser") and Waldhauser Insurance Group, Inc. ("WIG") hereby stipulate and agree, and request that the Court order, that defendants Waldhauser and WIG are ORDERED AND ENJOINED as follows:

1. That Waldhauser and WIG make available immediately to IPSCO for inspection and copying all of their books and records related to the business of insurance and insurance procurement, including all computer and electronic files and records.

2. That WIG and/or Waldhauser immediately remit to IPSCO all commissions that have been earned or received by WIG and Waldhauser based on insurance placed by them after January 28, 1999 for clients identified on Exhibits A or B to the Court's Consent Decree and Injunction of March 16, 1999 (the "Consent Decree").

3. That WIG and Waldhauser assign to IPSCO or its designee, in a form acceptable to IPSCO, all future commissions payable to Walhauser or WIG on account of (a) existing lawyers professional liability policies, or (b) insurance agents/brokers professional liability policies.



4. That WIG and Waldhauser cooperate with IPSCO to communicate the assignment of these commissions, in a form acceptable to IPSCO, to each insurance carrier and managing general agent with whom the parties transact business, and further to cooperate with IPSCO to send notices to each client of WIG and Waldhauser, in a form acceptable to IPSCO, that arrangements have been made for IPSCO or its designee to service those clients with regard to their lawyers professional liability coverage or insurance agents/brokers professional liability coverage.

5. That Waldhauser and WIG turn over to IPSCO or its designee all existing files or documents (whether in print, computer, electronic or any form) regarding current insureds and/or prospects.

6. That for a period of two years from the date of the entry of this Stipulated Injunction, neither Waldhauser nor WIG, nor their agents, servants, employees, principals, officers or any others acting in concert with them shall solicit (a) insurance agents/brokers professional liability coverage in any location, or (b) lawyers professional liability coverage if the prospective customer is either in Maryland or is listed on Exhibits A, B or C to the Consent Decree.

7. WIG and Waldhauser shall, upon request of IPSCO and in a form acceptable to IPSCO, provide written notice to insurance carriers and managing general agents of Waldhauser's and WIG's agreement not to solicit the insurance products referred to in the proceeding paragraph of this Stipulated Injunction.

8. If Waldhauser becomes employed by an agency or other entity that solicits lawyers professional liability insurance or insurance agents/brokers professional liability insurance, he will notify his employer immediately, in a manner acceptable to IPSCO, that Waldhauser is subject to the restrictions in this Stipulated Injunction.

9. That Waldhauser and WIG, and their agents, servants, employees, successors, heirs, assigns and all others acting in concert with them are enjoined and restrained permanently from disclosing to any person or entity any information

contained on Exhibits A, B or C to the consent decree, or any other information or data obtained at any time from IPSCO regarding IPSCO's prospects, potential customers, policyholders, types of coverage, expiration dates, insurance carriers, coverage limits or premiums.

10. That this Court shall retain jurisdiction to enforce this Stipulated Injunction and the settlement agreements entered into by the parties.

*[signature]*
Gerard J. Gaeng # 04970
Kevin J. Pascale #11895
Rosenberg, Proutt, Funk & Greenberg, LLP
2115 Allfirst Building
25 South Charles Street
Baltimore, Maryland 21201
(410) 727-6600

Attorneys for Plaintiff
Insurance Planning & Service Company, Inc.

*[signature]*
Joseph E. Glass, Esquire
209 Courtland Avenue
Towson, Maryland 21214

Attorney for Defendant
Waldhauser Insurance Group, Inc.
and Louis L. Waldhauser, III

SO ORDERED THIS 21ST day of May, 2001 by the United States District Court for the District of Maryland.

*[signature]*
Andre M. Davis
United States District Judge